# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JOE NATHAN GILES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:16-cv-00982-LSC-SGC ) |
| MS. E. HAMBY, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on August 11, 2017, recommending the plaintiff's "Motion to Reply of Medical" (Doc. 31) be denied as untimely filed. (Doc. 32 at 2-3). The magistrate judge further recommended the defendants' special reports be treated as motions for summary judgment and that the motions be granted. (*Id.* at 33). On August 25, 2017, the plaintiff filed a document titled "Special Report," which the court construes as a request for appointment of counsel and objections to the report and recommendation. (Doc. 33).

The plaintiff's request for appointed counsel (*id.* at 1) is **DENIED**. As the magistrate judge set forth in her January 10, 2017 denial of the same request:

> 'Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'

(Doc. 28 at 1) (quoting *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)). The legal and factual issues in this case are not unique or complex, and the plaintiff has been able to litigate this action *pro se*.

The plaintiff points to no factual or legal error in the report as to the Eighth Amendment claim against Defendant Hamby. Instead, he argues her motion for summary judgment should be denied because Defendant Hamby was the Health Services Administrator at the time of all his complaints about inadequate health care at St. Clair Correctional Facility ("SCCF"). (Doc. 33 at 1). The plaintiff's objections are **OVERRULED**. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted).

The plaintiff also attests there is "no way" Dr. Wilson "can block an[d] refuse to send" him to a specialist off-premises for the purpose of reading the plaintiff's MRI and repairing his right knee and a tear to his right shoulder rotator cuff. (Doc. 33 at 1). In support of this objection, the plaintiff states his right knee is "locked" (*i.e.*, he is unable to bend it) and he has been in pain from a rotator cuff injury for over 60 days that renders him unable to brush his teeth with his right hand because it is in a sling. (*Id.* at 1-2).

In addressing his back problems, which are causing foot swelling and numbness, and his neck ailments, the plaintiff asserts Dr. Wilson has "no knowledge" of Dr. Blake Pearson, the Brookwood Hospital specialist who performed two of his three lumbar spine surgeries. (*Id.*). The plaintiff also points to a stomach illness and contends the current Health Services Administrator and Director of Nursing dislike him, are not concerned about his health, and choose to side with Dr. Wilson. (*Id.* at 2).

Until the current objections, the plaintiff never complained he could not bend his knee or that his feet were swollen. Moreover, the plaintiff's torn rotator cuff and stomach illness are not the factual basis of his Eighth Amendment claims against any defendant.[1] The current Health Services Administrator and Director of Nursing are not named defendants. Because the report and recommendation instructed the plaintiff that his "[o]bjections should not contain new allegations, present additional evidence, or repeat legal arguments" (Doc. 32 at 33-34), these objections are **OVERRULED**.

The plaintiff's conclusory assertion of foot numbness, which by all evidentiary accounts is related to his back pain,[2] does not convince the court that

---

[1] If the plaintiff desires to state any constitutional claims concerning his torn rotator cuff and stomach illness, he must file a new Section 1983 complaint.

[2] The plaintiff submitted a March 8, 2016 sick call request slip complaining about back pain, neck pain, and losing feeling in both feet (Doc. 20-1 at 27) but failed to mention any numbness during the many provider consultations that followed. In April 2016, the plaintiff complained an

3

the magistrate judge made any legal or factual errors in the report and recommendation. (Doc. 32 at 10-13, 23-27). As such, this objection is **OVERRULED**.

The plaintiff does not object to the recommendation that Dr. Wilson be granted summary judgment as to his claim that Wilson was deliberately indifferent to his serious pain needs by refusing to prescribe Ultram (a.k.a. Tramadol). (*See* Doc. 32 at 20, 26, 29-30) (reporting that the evidence supporting the claim amounted to a nonactionable difference of opinion between the plaintiff and Dr. Wilson as to whether the plaintiff should be prescribed narcotic pain relief). Although the magistrate judge reported that the plaintiff's January 31, 2017 response to the defendants' motions for summary judgment was untimely (Doc. 32 at 2 (citing Doc. 29)), it appears the response was, in fact, timely because the plaintiff was afforded until February 10, 2017, to file it. (Doc. 28 at 2). The plaintiff failed to object to this miscalculation. Further, the court finds the plaintiff's assertions contained in the plaintiff's January 31, 2017 response are

---

old bullet in his left calf had traveled to his left foot and was sticking out and causing him pain. (*Id*. at 32-33). The nurse practitioner noticed a nodule to the plaintiff's outer left foot, but a subsequent x-ray was negative and revealed no bullet in his foot. (*Id.* at 33, 36). On August 18, 2016, the plaintiff told a nurse that he had back pain and left foot numbness after jumping from his bunk. (*Id.* at 49, 51). However, when speaking to Dr. Wilson on August 24, 2016, the plaintiff stated the jump caused him back pain; he did not mention foot numbness. (*Id.* at 53). A lumbar spine x-ray was performed and revealed no injury or adverse changes. (*Id.* at 52). In September 2016, the plaintiff complained of dry, cracked, burning feet. (*Id.* at 56). He was provided a cream to apply to his feet twice per day for 21 days. (*Id.*). He also was treated for cellulitis on his left toe. (*Id.* at 60).

4

without merit for the reasons explained in the report and recommendation and below.

The magistrate judge set out the content of the January 31 response in the report and recommendation. The bulk of the plaintiff's response is repetitious or contains irrelevant testimony regarding the quality of a pillow and mattress and an adverse reaction to the plaintiff's heart medication. (Doc. 32 at 18 (citing Doc. 29 at 1-5)). The plaintiff did attest that sometime between mid-October 2016 and January 2017, Dr. Wilson began prescribing him Tramadol, Neurontin, and Tylenol daily for pain relief. (*Id.*). The plaintiff expressed serious concern that all medications except Tramadol would adversely affect his liver function (he suffers from Hepatitis-C), but Wilson refused to increase the Tramadol prescription and reduce the remaining medications. (*Id.*). In the report and recommendation, the magistrate judge described this conflict as a disagreement about

> the amount of narcotics, as opposed to nonopioid medication, prescribed. Although the plaintiff expresses concern about taking Tylenol or Neurontin because he suffers from Hepatitis C (Doc. 29 at 4), he does not attest that Wilson fails to monitor his liver condition or declare that his liver has deteriorated, and he does not deny Dr. Wilson periodically conducts liver profiles to check the health of that organ.

(Doc. 32 at 26 n.17; *id.* at 30 n.19).

The magistrate judge correctly characterized the conflict as a difference of opinion and also accurately identified the supporting evidence pertaining to the

5

level of narcotics and non-narcotic medications Wilson prescribed. Based upon the magistrate judge's report and the plaintiff's failure to object to its contents, the court finds the plaintiff has failed to establish a genuine dispute regarding whether Dr. Wilson was deliberately indifferent to his serious medical needs by refusing to increase his Tramadol dosage while decreasing the dosage of Neurontin and Tylenol.

Finally, the plaintiff contends Warden Estes falsely testified that he tours SCCF daily and this falsity can be proven with subpoenaed logs. (Doc. 33 at 1). The plaintiff's objection is **OVERRULED**. He has already testified that Estes's statement is false. (Doc. 29 at 4). Further, the claim against Estes fails because Defendants Hamby and Wilson are entitled to summary judgment as a matter of law. Alternatively, summary judgment is due to be granted in Defendant Estes's favor because he is a layperson entitled to rely on the treatment opinions of medical professionals, and the plaintiff has not presented any evidence that could convince a reasonable jury that Estes was deliberately indifferent to his serious medical needs.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**. The court finds no genuine issues of material fact exist. Accordingly, the court

6

**ORDERS** that the "Motion to Reply of Medical" (Doc. 31) is **DENIED** as untimely and the defendants' motions for summary judgment are **GRANTED**.

A separate order will be entered.

**DONE** and **ORDERED** on September 13, 2017.

_____
L. Scott Coogler
United States District Judge

160704